EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAFAEL SANTIAGO, c/p ARCADIO SANTIAGO MÁRQUEZ, acusado y apelante.

*Número:* CR-76-68        *Resuelto:* 4 de mayo de 1977

*Heyda Vigil McClin*, abogada del apelante; *Justo Gorbea Varona, Procurador General Interino,* y *Miguel A. Santana Bagur, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

El 9 de septiembre de 1976 denegamos la reconsideración solicitada por la Sociedad para Asistencia Legal a nuestra resolución negando una quinta prórroga para presentar su informe. En esa misma fecha, luego de examinar cuidadosamente el expediente y la transcripción de la prueba, dictamos sentencia confirmando la pena de tres a siete años de presidio que el tribunal de instancia le impuso al apelante por el delito de tentativa de violación. Posteriormente dejamos esta sentencia sin efecto y concedimos a la S.A.L. una última prórroga, que en efecto resultó ser una penúltima, pues presentó su informe varios días después de haberse vencido dicha prórroga.

Hemos considerado detenidamente el informe finalmente rendido por la S.A.L. y los errores allí señalados que se refieren a la insuficiencia de la prueba para establecer la culpabilidad del acusado más allá de duda razonable y a la negativa del tribunal de instancia de dar una instrucción especial al jurado sobre el delito de acometimiento y agresión grave. También hemos vuelto a leer la transcripción de la prueba y

estamos convencidos que no hay justificación alguna para revocar el fallo condenatorio.

Se trata de una menor de ocho años de edad que salió de su hogar a comprar una bolsa de papel para su tío, y, al regresar, el apelante la llamó, la llevó a un segundo piso de un edificio cercano, le tapó la boca con la mano, le quitó la ropa y abusó de ella. Pocos momentos después la niña, llorando, contó lo sucedido a su tía Laya (Adelaida Santos) echándole la culpa a un vecino de nombre Andrés Andújar porque el apelante así se lo había ordenado amenazándola con matarla con un cuchillo. El perito médico presentado por el Ministerio Público testificó que hizo un examen pélvico a la niña y que encontró laceraciones interiores en el himen y debajo de la uretra, siendo las mismas, a su juicio, compatibles con el haber un hombre tratado o tenido relaciones sexuales con ella. (2 T.E. pág. 23.)

El apelante trató de impugnar y debilitar el testimonio de la menor pero el jurado que la vio y oyó declarar le dio crédito. No nos convencen los argumentos del apelante para alterar la apreciación de la prueba.

También es inmeritorio el señalamiento relacionado con la negativa del tribunal a dar una instrucción especial sobre el delito de acometimiento y agresión grave. La falla del señalamiento consiste en que la prueba no justificaba tal instrucción.

La representación legal del apelante hizo un señalamiento adicional para expresar su desaliento por el trámite seguido en este caso y su preocupación de que se pueda garantizar el debido proceso de ley cuando ya el caso ha sido prejuzgado.

Es en verdad desalentador para la administración de justicia que las limitaciones del recurso de la S.A.L. y el cúmulo de trabajo de sus abogados impidan a éstos atender con la debida premura los asuntos que le son encomendados. Mayor es el desaliento cuando, quizá, por falta de tiempo para

la reflexión y el estudio, se hacen planteamientos inmeritorios que recargan el tiempo y el esfuerzo de los tribunales en perjuicio de mejores causas. Es infundada e injustificada la preocupación del abogado del apelante por las garantías del debido proceso en este caso. En el aspecto puramente técnico, la situación procesal es idéntica al mecanismo de adjudicación de una moción de reconsideración de sentencia, muy frecuente en este Tribunal. No debe olvidar la representación legal del apelante que en el cumplimiento de nuestra misión de impartir justicia no nos limitamos a los planteamientos específicos de los abogados en sus alegatos sino que con el más alto fin de justicia siempre consideramos todos los hechos del caso para descartar la posibilidad de un error perjudicial, aunque el mismo no haya sido promovido en el alegato. *Pueblo* v. *Serrano Nieves*, 93 D.P.R. 56 (1966). Así lo hicimos en este caso al dictar sentencia el pasado 9 de septiembre de 1976. Al dejarla posteriormente sin efecto hemos vuelto a reexaminar los autos a la luz de los planteamientos del apelante sin que en forma alguna pesara en nuestro ánimo el juicio previamente formulado.

*Se dictará sentencia confirmando la aquí apelada.*