*In re* ROBERTO VÉLEZ BÁEZ.

*Número:* AB-91-21          *Resuelto:* 13 de junio de 1991

*Roberto Vélez Báez, pro se.*

PER CURIAM: El 19 de febrero 1991, en el caso *Sor Ángel Torres Muñiz v. Francisca Román Cancel,* Caso Núm. RE-91–102, la parte demandante presentó un recurso de revisión ante este Tribunal. El 22 de febrero denegamos la solicitud. Los Jueces Asociados Señores Negrón García, Rebollo López y Andréu García indicaron que ellos hubieran expedido el recurso.

El 8 de marzo el demandante recurrente presentó un escrito de reconsideración mediante el cual solicitó que reconsideráramos nuestra resolución en la que denegamos el recurso y procediéramos a expedirlo. El 20 de marzo la parte recurrida presentó una moción oponiéndose. En dicha oposición indicó que el 27 de febrero las partes habían firmado una estipulación, poniendo fin a la controversia. Acompañó copia de dicha estipulación y de la resolución del foro de instancia de 8 de marzo que acogía la misma. En la estipulación se expresó que:

> 4- Las partes acuerdan que cualquier sentencia[,] orden o resolución que se dicte en base a esta estipulación sea final y firme desde el momento en que se dicte.
>
> 5- El promovido Sor Angel Torres Muñiz, manifiesta que antes de la firma de esta estipulación había radicado un recurso en el Tribunal Supremo relacionado con esta controversia. *El promovido por la presente acuerda desistir de ese recurso y se compromete a preparar y radicar inmediatamente cualquier escrito necesario para hacer efectivo ese desistimiento.*
>
> 6- Los comparecientes Francisca Román Cancel y Sor Angel Torres Muñiz acuerdan que del Tribunal Supremo emitir cualquier decisión en el Recurso radicado antes o después de firmada esta estipulación, favorable o desfavorable a cualquiera de los compare-

cientes, la misma no tendrá ningún efecto y las estipulaciones aquí hechas permanecerán en vigor y prevalecerán sobre cualquier decisión del Tribunal Supremo. (Énfasis suplido.) Apéndice, págs. 1–2.

En su resolución, el tribunal de instancia expresó lo siguiente:

Se le instruye a la representación legal del Sr. So[r] Angel Torres Muñiz proceda a notificar de su desistimiento del Recurso de Revisión al Honorable Tribunal Supremo. Apéndice, pág. 4.

A pesar de haber suscrito la antes mencionada estipulación y de las instrucciones específicas del foro de instancia, la representación legal del demandante recurrente, el Lcdo. Roberto Vélez Báez, presentó una moción de reconsideración en la cual omitió hacer mención de la estipulación y resolución que finalizaban la controversia entre las partes mediante el mecanismo procesal del desistimiento.

El 21 de marzo de 1991 emitimos la resolución siguiente:

Siendo de su faz incompatible la reconsideración presentada con lo expuesto en la oposición a la misma y los documentos que la acompañan, muestre causa la parte recurrente, dentro del término de veinte (20) días, contados a partir de la notificación de esta resolución, por la cual no se deba declarar sin lugar la reconsideración. Se ordena, además, al Lcdo. Roberto Vélez Báez que dentro de ese mismo término comparezca y muestre causa por la cual, tomando en consideración los documentos presentados ante este Tribunal, no deba ser disciplinado por la conducta observada.

El licenciado Vélez Báez ha comparecido. En su escrito nos indica que "[e]l 28 de febrero de 1991, fecha en que se discutió lo acordado por la estipulación y al regresar a [su] oficina, recib[ió] por correo en la tarde de ese día, la Resolución de este Hon. Tribunal d[á]ndole un NO HA LUGAR a [la] Solicitud de Revisión por lo que se tornaba académico que radica[ra] un Escrito de Desistimiento". Escrito en cumplimiento de mandato, pág. 2. Sin embargo, y en contradicción con esta aseveración, procedió a presentar moción de reconsideración. Adujo como razón que esto lo hizo "a los únicos efectos de lograr, para beneficio de la presente y futura clase togada, un pronunciamiento en cuanto a la primera controversia señalada" en el recurso.

■ Sus excusas no nos convencen. Después de todo, "[l]os jueces no debemos . . . ser tan inocentes como para creer declaraciones que nadie más creería". *Pueblo v. Luciano Arroyo*, 83 D.P.R.. 573, 582 (1961).

■ "La buena marcha del proceso judicial del país es responsabilidad ineludible de todo miembro de la profesión legal." *Deberes del abogado para con los tribunales, Criterio general*, Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Un abogado tiene el deber hacia el tribunal de ser conciso-y exacto en el trámite y presentación de las causas, proveyendo toda información necesaria para resolver las controversias. Canon 12 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Los abogados no deben hacer "planteamientos inmeritorios que recargan el tiempo y el esfuerzo de los tribunales". *Pueblo v. Santiago*, 106 D.P.R. 1, 4 (1977).

■ En el caso de autos el licenciado Vélez Báez, luego de haber desistido del caso en instancia y de haber sido ordenado por dicho foro que informara a este Tribunal y desistiera del recurso de revisión que había presentado, procedió a solicitar la reconsideración de nuestra resolución que denegaba el mismo. En su solicitud de reconsideración omitió hacer mención de que había desistido del caso. El licenciado Vélez Báez incumplió con su deber de mantener a este Tribunal informado. Como funcionario auxiliar del tribunal, el licenciado Vélez Báez tenía el deber de ayudar a lograr que el caso se resolviera de manera justa, rápida y económica. Sus actuaciones contravinieron este principio cardinal en la administración de la justicia en nuestros tribunales. El hacernos perder el tiempo atendiendo una moción de reconsideración en un caso resuelto por desistimiento, constituye un claro perjuicio a la eficiente administración de la justicia.

Por todo lo antes expuesto, *se dictará sentencia en la cual se amonesta al Lcdo. Roberto Vélez Báez y se le apercibe de que en el futuro deberá cumplir fielmente con su deber de informar y mantener enterados a los tribunales de los trámites y hechos que puedan afectar los casos pendientes. Así mismo, no deberá*

*continuar litigando causas finalizadas, por lo cual se le impone una sanción de mil dólares ($1,000) a nombre del Estado que deberá consignar en la Secretaría de este Tribunal dentro del término de quince (15) días, contados a partir de la notificación de esta opinión per curiam.*

El Juez Asociado Señor Negrón García se inhibió.