*In re* Ángel R. Collazo Matos.

*Número:* CP-97-5          *Resuelto:* 30 de junio de 1997

*Ángel R. Collazo Matos, pro se.*

PER CURIAM: El 12 de noviembre de 1996 emitimos una opinión *per curiam* en el caso *San Vicente v. Policía de P.R.*, 142 D.P.R. 1 (1996) (Caso Núm. AT-95-35), mediante la cual revocamos una decisión de la Comisión de Investigación, Procesamiento y Apelación (en adelante C.I.P.A.) que había reducido a un período de cinco (5) meses de suspensión de empleo y sueldo una determinación del Superintendente de la Policía, Sr. Pedro Toledo, que expulsaba al Teniente de la Policía Juan San Vicente Frau. Durante el procedimiento administrativo ante la C.I.P.A. y la apelación ante este Foro, el policía San Vicente Frau estuvo representado por el Lcdo. Ángel R. Collazo Matos. El 16 de

enero de 1997 el Procurador General nos informó lo siguiente:

> El día 24 de diciembre de 1996, advino a nuestro conocimiento que la Policía de Puerto Rico había llegado a un acuerdo con el ex agente San Vicente Frau para que fuese reinstalado en la Fuerza. Fue investigado administrativamente y recomendado favorablemente el 26 de abril de 1996 y actualmente presta servicios en el Cuerpo de la Policía.
>
> Este acuerdo *nunca* fue notificado al Procurador General. El abogado del señor San Vicente Frau, Lcdo. Angel R. Collazo, quien lo representó ante la agencia administrativa y ante este Honorable Foro, tampoco informó lo sucedido. (Énfasis en el original.)

El 7 de febrero de 1997 emitimos una resolución mediante la cual le ordenamos al licenciado Collazo Matos que expusiera la razón por la cual, estando ya sometida la apelación en este caso, no le informó a este Tribunal del acuerdo de reinstalación habido entre el Superintendente de la Policía y el policía San Vicente Frau.[1] Además, le ordenamos explicar por qué, a tenor de lo resuelto en *In re Vélez Báez*, 128 D.P.R. 509 (1991), y el Código de Ética Profesional, 4 L.P.R.A. Ap. IX, no debía ser disciplinado por haber incumplido con su deber de mantener informado al Tribunal.

El licenciado Collazo Matos ha comparecido y arguye que sólo representó al policía San Vicente Frau en las apelaciones ante la C.I.P.A. y ante el Tribunal Supremo; que "oficialmente" no lo representó en el trámite administrativo informal que se llevó a cabo con la Policía de Puerto Rico para su reinstalación. Sin embargo, entre los documentos sometidos por el Procurador General obra una Carta de 24 de diciembre de 1996 de la Directora de Asun-

---

[1] También le ordenamos al Superintendente de la Policía, Sr. Pedro Toledo, expresarse sobre por qué, estando aún pendiente la apelación de la decisión de la Comisión de Investigación, Procesamiento y Apelación (en adelante C.I.P.A.), no le había informado al Procurador General o a este Tribunal sobre la transacción de reinstalación, y qué efecto, si alguno, tenía la reinstalación del policía San Vicente Frau sobre la sentencia emitida por este Foro.

tos Legales de la Policía de Puerto Rico, Iris M. Romero Valentín, al entonces Secretario de Justicia Pedro Pierluisi, en la cual ésta le expresa:

Sin embargo, nuestra impresión de que el promovente notificaría al Honorable Tribunal Supremo sobre la transacción, surge del hecho de que durante el período de tiempo en que hicieron formalmente la oferta, el abogado del señor San Vicente se comunicó con nosotros telefónicamente para inquirir sobre el estatus de la transacción, *éste nos indicó que como tenía que someter cierto escrito o alegato al Tribunal Supremo dentro de un tiempo limitado, necesitaba saber cuál sería la determinación de la Policía con respecto a la oferta.* (Énfasis suplido.)

Alega, además, el licenciado Collazo Matos que lo único que hizo con relación a los trámites administrativos para lograr la reinstalación por transacción, fue redactar y firmar la comunicación de 4 de abril de 1996. Cabe señalar que en dicha carta el licenciado Collazo Matos se refiere en todo momento al policía San Vicente Frau como su representado, y luego de indicar que "su representado" le informó que en la Policía todo estaba listo a nivel administrativo, para luego de una breve investigación reincorporarlo, hace las expresiones siguientes:

Recientemente, *mi representado* me ha planteado su necesidad de que se le incorpore a la fuerza policiaca, renunciando éste a los haberes dejados de percibir, independiente del resultado que su caso tenga en el foro judicial donde se encuentra en revisión.

. . . . . . . .

Conforme a lo anterior, por este medio hacemos constar que no tenemos reparo u objeción alguna a que el señor San Vicente Frau sea reincorporado al servicio, con el rango que ostentaba a la fecha de su expulsión, renunciando a los haberes o sueldos dejados de percibir desde entonces hasta la fecha de su reincorporación. (Énfasis suplido.)

Alega también el licenciado Collazo Matos que no se le notificó oficialmente la reinstalación del policía San Vincente Frau y que se enteró de forma extraoficial y "tardía-

mente", sin mencionar cuándo. Como excusa por no haberle informado al Tribunal sobre la transacción, aún después de haberse enterado "extraoficialmente" de la reinstalación, aduce que: (1) no fue el abogado durante el trámite administrativo en la Policía que condujo a la transacción sobre la reinstalación; (2) no se le notificó oficialmente de la reinstalación; (3) se enteró "tardíamente" de la reinstalación, sin indicar específicamente cuándo, y (4) como representaba a la parte recurrida, no le correspondía a él presentar una moción de desistimiento. Finalmente, acepta "su error por haber incurrido en tal omisión", aunque cataloga como atenuantes las aseveraciones antes mencionadas.

Con relación a la omisión del licenciado Collazo Matos por faltar a su deber de notificarnos sobre la transacción, en el Criterio General bajo el acápite de los Deberes del Abogado para con los Tribunales del Código de Ética Profesional, se dispone, en lo pertinente: "La buena marcha del proceso judicial del país es responsabilidad ineludible de todo miembro de la profesión legal." 4 L.P.R.A. Ap. IX. En cuanto a este canon, en *In re Vélez Báez*, supra, pág. 512, dijimos que "[u]n abogado tiene el deber hacia el tribunal de ser conciso y exacto en el trámite y presentación de las causas, *proveyendo toda información necesaria para resolver las controversias*". (Énfasis suplido.) El abogado, además, tiene el deber de defender los intereses de su cliente con diligencia, presentando ante los tribunales toda información que les pudiese beneficiar. Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.

No cabe duda que el licenciado Collazo Matos intervino, por lo menos parcialmente, en el trámite habido ante la Policía de Puerto Rico para lograr la reinstalación del policía San Vicente Frau. Del expediente también surge con meridiana claridad que el licenciado Collazo Matos advino en conocimiento de la reinstalación de su representado a la Uniformada bastante tiempo antes de que este Tribunal emitiera su decisión en el caso. Él admite en su escrito en

cumplimiento de orden que cuando *"se enteró oficialmente, ya la decisión de reinstalación estaba tomada y sólo faltaba que este abogado enviara una carta a la Policía aceptando la reinstalación"*. Tampoco cabe duda de que la notificación de la transacción hubiese beneficiado a su cliente, el policía San Vicente Frau. El licenciado Collazo Matos hubiese podido solicitar la desestimación por academicidad o, con la intervención del Procurador General, presentar una moción conjunta de desistimiento. Cualesquiera de estas gestiones hubiese evitado el riesgo de que el Tribunal resolviese en contra de su representado, como finalmente sucedió. A pesar de esto, no le informó al Tribunal lo que estaba ocurriendo ni se preocupó por averiguar cuándo se realizó la reinstalación, para así, como abogado de una de las partes en el caso —la que quedaba más beneficiada con la transacción— cumplir con su deber de informar al Tribunal algo que podría incidir sobre la determinación que finalmente se tomase en cuanto a la apelación. El licenciado Collazo Matos tuvo conocimiento de la transacción y de la reinstalación con suficiente antelación como para informarnos sobre ésta, para beneficiar así a su cliente y evitar trámites judiciales innecesarios.

Cabe señalar, además, que a pesar de que la apelación fue resuelta de forma desfavorable para el cliente del licenciado Collazo Matos el 12 de noviembre y notificada el 13 de noviembre de 1996, y que ya para esta fecha el licenciado Collazo Matos tenía conocimiento tanto de la transacción como de la reinstalación, nada hizo para lograr que se reconsiderase la decisión a la luz de los acontecimientos que obviamente el Tribunal desconocía. Su deber para con su cliente y el Tribunal era poner al Tribunal en conocimiento de la transacción y reinstalación.

Lo anteriormente expuesto refleja que el licenciado Collazo Matos incumplió tanto con su deber para con el Tribunal de proveerle información necesaria para la resolución de la controversia, como con su deber para con su cliente al no presentar información que le hubiese benefi-

ciado. Las excusas aducidas para el incumplimiento con estos deberes no justifican las omisiones.

Por todo lo antes expuesto, *determinamos que el licenciado Collazo Matos violó tanto el Criterio General de los Deberes del Abogado para con los Tribunales como el Canon 18 del Código de Ética Profesional*, supra. *Se dictará sentencia amonestando al licenciado Collazo Matos por su incumplimiento con el deber de informar y mantener enterado a los tribunales de los trámites y hechos que pueden afectar los casos pendientes y por no defender diligentemente los intereses de sus clientes. Se le apercibirá, además, de que futuras violaciones de esta naturaleza podrían acarrear sanciones más severas en su contra.*