per curiam:
Nos corresponde atender una querella contra un abogado que instó una demanda por un pagaré extraviado sin incluir a una parte que le constaba que alegaba ser la portadora del referido pagaré. Por entender que la actuación del querellado ocasionó atrasos y dilación en la tramitación del asunto y que indujo a error al tribunal al utilizar una falsa relación de los hechos en su demanda, resolvemos que su conducta infringió los Cánones 12 y 35 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.
I
El licenciado Roberto Vélez Báez (licenciado Vélez Báez) fue admitido al ejercicio de la abogacía el 26 de junio de 1973 y prestó juramento como notario el 24 de julio de 1973. Sobre la gestión profesional del licenciado Vélez Báez se han presentado dos quejas relacionadas con el mismo trámite. Procedemos a resumir brevemente lo que imputan ambas quejas.
A. AB-2005-111
El 4 de mayo de 2005 el Hon. Héctor Cordero Vázquez, entonces Juez del Tribunal de Primera Instancia, Sala de Guaynabo, refirió ante este Foro una Orden en la que nos *204 solicitó que revisáramos la conducta profesional del licenciado Vélez Báez con relación a los casos Yiraida Berríos Álvarez v. John Doe, et al., D2CD-2002-0675, y Jacqueline Álvarez Pérez v. Yiraida Berríos Álvarez, D2CD-2004-0607. Según surge del Informe del Procurador General, entre las conclusiones de derecho a las que arribó el juez Cordero Vázquez se encontraban, a saber:
La Demanda sobre Pagaré Extraviado en controversia fue presentada el 23 de noviembre de 2002. Mucho antes de esa fecha la Sra. Jacqueline Álvarez Pérez, por conducto de su abogado, había notificado a la Sra. Yiraida Berrios Álvarez que ella era la tenedora y portadora del pagaré hipotecario suscrito el 6 de junio de 1997. De igual forma la Sra. Yiraida Berrios Álvarez, por ella y por conducto de su abogado, remitieron cartas a la Sra. Jacqueline Álvarez Pérez requiriéndole información sobre el pagaré. A pesar de esto la Sra. Yiraida Berrios Álvarez y su abogado le representaron al Tribunal que desconocían el paradero del pagaré, que siempre lo tuvieron en su posesión y que el mismo se le había extraviado a la demandante. A esos efectos, Yiraida Berrios Alvarez identificó a la parte demandada como John Doe, Jane Doe y Richard Roe por alegadamente desconocerse su identidad para cumplir con el requisito procesal y no incluyó ni notificó de forma alguna a la Sra. Jacqueline Álvarez Pérez como parte demandada. Para que este Tribunal hubiése [sic] adquirido jurisdicción, la Sra. Yiraida Berrios Álvarez debió haber informado que sospechaba que existía una posibilidad de que una persona, en este caso la Sra. Jacqueline Álvarez Pérez, poseía el referido pagaré para luego notificarle conforme lo establece las Reglas de Procedimiento Civil. Al no hacerlo privó a la portadora del pagaré, la Sra. Jacqueline Álvarez Pérez de un debido proceso de ley y a este Tribunal de adquirir jurisdicción sobre ella. El único remedio que poseía la Sra. Jacqueline Álvarez Pérez era radicar el relevo de sentencia, tal como lo hizo, tan pronto tuvo conocimiento de lo sucedido. Dicha solicitud no tenía que ser hecha dentro de los seis (6) meses de la sentencia debido a que una parte indispensable, lo cual era la Sra. Jacqueline Álvarez Pérez, no fue emplazada. Municipio de Coamo v. Tribunal Superior, supra. Por lo tanto, y a tenor con las anteriores determinaciones de hechos y conclusiones de derecho, el Tribunal declara nula la Sentencia emitida en el presente caso condenando a la Sra. Yiraida Berrios Álvarez al pago de costas y honorarios de abogado que oportunamente sean fijados por el Tribunal corres *205 pondiente a esta etapa de los procedimientos. (Énfasis en el original.)
Conforme a lo anterior, el Procurador General coincidió con el juez Cordero Vázquez en cuanto a que el licenciado Vélez Báez indujo a error al tribunal sobre su alegado desconocimiento de quién, en efecto, tenía el pagaré en su poder.
B. AB-2005-181
El 12 de agosto de 2005 la señora Jacqueline Álvarez Pérez (señora Álvarez Pérez) presentó una queja contra el licenciado Vélez Báez en la que alegó que éste sabía, previo a presentar la Demanda de Pagaré Extraviado, que ella era la portadora de dicho documento. La señora Álvarez Pérez incluyó con su queja una copia de una carta del 18 de octubre de 2001 en la que el licenciado Vélez Báez le exigía una explicación de porqué el pagaré se encontraba en su posesión. Por tal motivo, la señora Álvarez Pérez afirmó que el licenciado Vélez Báez sabía que era ella quien tenía el pagaré, máxime cuando dicha carta fue remitida mucho antes de haberse instado la demanda en cuestión.
Argüyó la señora Álvarez Pérez que, debido a la conducta impropia del licenciado Vélez Báez, se involucró en pleitos legales que le habían costado mucho tiempo y dinero y que le habían causado angustias innecesarias.
Así las cosas, el 17 de enero de 2006 el Procurador General presentó una Moción en Solicitud de Consolidación y Prórroga, en la que nos solicitó la consolidación de ambas quejas por tratarse de los mismos hechos contra el mismo abogado. El 25 de mayo de 2006 ordenamos que se consolidaran ambas quejas y concedimos término a la Oficina del Procurador General para que emitiera el informe correspondiente.
El 6 de julio de 2006 la Oficina del Procurador General presentó su informe para someter a la consideración de este Tribunal la conducta en que incurrió el licenciado Vé *206 lez Báez en su gestión profesional. Recibido el informe, el 12 de enero de 2007 ordenamos presentar la querella correspondiente. El 3 de mayo de 2007 el Procurador General instó una querella contra el licenciado Vélez Báez, imputándole cargos por violaciones a los Cánones 12 y 35 del Código de Ética Profesional, supra.(1)
El 7 de junio de 2007 el licenciado Vélez Báez presentó su contestación a la querella. Sobre el primer cargo presentado en su contra, el licenciado Vélez Báez indicó que no incluyó a la señora Alvarez Pérez como parte en el pleito ya que, supuestamente, ésta nunca manifestó de forma fehaciente y cierta que era la poseedora del pagaré. Explicó el licenciado Vélez Báez que, al no tener un documento que le indicara de forma absoluta que ésta era la poseedora, decidió no incluirla en la Demanda presentada.
Sobre el segundo cargo, el licenciado Vélez Báez expresó que nunca, en sus treinta y cuatro años en la profesión, había actuado de manera impropia. En cuanto a esto último, es menester señalar que, contrario a lo que indica el licenciado Vélez Báez, en In re Vélez Báez, 128 D.P.R. 509 (1991), este Tribunal amonestó y sancionó al licenciado por violar el Canon 12 del Código de Ética Profesional, supra, por no informar que un caso pendiente ante nosotros había *207 sido desistido por una transacción judicial ante el Tribunal de Primera Instancia.
Luego de los trámites de rigor, designamos al Hon. Wilfredo Robles Carrasquillo, ex Juez Superior, como Comisionado Especial para atender el procedimiento de autos. Tras celebrar una vista evidenciaría, el Comisionado Especial rindió su informe, en el que determinó que, analizada la prueba documental y testifical, el licenciado Vélez Báez había incurrido en la conducta imputada.
Sometido el caso ante nuestra consideración, y contando con el beneficio del informe del Comisionado Especial y del Procurador General, así como con la contestación del licenciado Vélez Báez, resolvemos.
II
Reiteradamente hemos señalado que los cánones de ética profesional establecen las normas mínimas de conducta que rigen a los miembros de la profesión legal en el desempeño de su delicada e importante labor. In re Matos González, 149 D.P.R. 817 (1999); In re Filardi Guzmán, 144 D.P.R. 710 (1998).
En particular, el Canon 12, supra, impone al abogado el deber de tramitar las causas de forma responsable, con puntualidad y con diligencia. Sobre el particular, establece que
[e]s deber del abogado hacia el tribunal, sus compañeros, las partes y testigos ser puntual en su asistencia y conciso y exacto en el trámite y presentación de sus causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución. Sólo debe solicitar la suspensión de vista cuando existan razones poderosas y sea indispensable para la protección de los derechos sustanciales de su cliente. 4 L.P.R.A. Ap. IX, C. 12.
Los abogados son una parte esencial del proceso de impartir justicia y, como tal, tienen la ineludible éneo *208 mienda de desempeñar su labor con la mayor diligencia, responsabilidad e integridad. In re Rodado Nieves, 159 D.P.R. 746 (2003); In re Ortiz Velázquez, 145 D.P.R. 308 (1998); In re Córdova González, 135 D.P.R. 260 (1994). En reiteradas ocasiones hemos hecho hincapié en que el Canon 12, supra, impone a los abogados la obligación de ser diligentes y responsables en la tramitación de los casos que le son encomendados, evitando entorpecer su resolución.
De otra parte, hemos resuelto que el Canon 35 del Código de Ética Profesional, supra, impone a los abogados un deber general de ser sinceros y honrados para con sus representados y sus compañeros abogados, así como para con los tribunales. Véanse, además: In re Montañez Miranda, 157 D.P.R. 275 (2002); In re Padilla Rodríguez, 145 D.P.R. 536 (1998); In re Franco Rivera y Masini Soler, 134 D.P.R. 823 (1993). Añade el precepto que no es sincero ni honrado utilizar medios incompatibles con la verdad ni se debe inducir a error al juzgador utilizando artificios o una falsa relación de los hechos o del derecho. Dichos deberes se exigen en aras de preservar el honor y la dignidad de la profesión, ya que el compromiso del abogado con la verdad es siempre incondicional. In re Fernández de Ruiz, 167 D.P.R. 661 (2006). La verdad es un atributo inseparable del ser abogado, y sin ésta, la profesión jurídica no podría justificar su existencia. In re Busó Aboy, 166 D.P.R. 49 (2005).
Igualmente, todo miembro de la clase togada debe exhibir una conducta que exalte el honor y la dignidad de su profesión, tanto en la vida privada como en el desempeño de su profesión. Por esto, al atender los méritos de una acción disciplinaria, es indispensable evaluar si la conducta que se le imputa al abogado le hace indigno de pertenecer al foro. In re López González, 171 D.P.R. 567 (2007); In re Collazo Sánchez, 159 D.P.R. 769 (2003).
De otra parte, es norma claramente establecida que el criterio probatorio a utilizarse en procedimientos *209 disciplinarios es el de prueba clara, robusta y convincente, no afectada por reglas de exclusión ni a base de conjeturas. In re Caratini Alvarado, 153 D.P.R. 575 (2001). Este criterio requiere una carga probatoria más fuerte que la mera preponderancia de la prueba, ya que en estos procesos está en juego el título de un abogado y, por ende, su derecho fundamental a ganarse su sustento. Id. Aun cuando no se puede definir de manera precisa, la prueba clara, robusta y convincente ha sido descrita como aquella evidencia que produce en un juzgador de hechos una convicción duradera de que las contenciones fácticas son altamente probables. In re Ruiz Rivera, 168 D.P.R. 246 (2006); In re Rodríguez Mercado, 165 D.P.R. 630 (2005).
La Regla 14 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, establece que le corresponde al Comisionado Especial designado celebrar una vista para recibir la prueba. Por lo tanto, sus determinaciones fácticas merecen nuestra mayor deferencia. Ahora bien, de igual manera hemos resuelto que, aunque este Tribunal no está obligado a aceptar el Informe del Comisionado Especial nombrado para atender una querella contra un abogado, sino que puede adoptar, modificar o rechazar tal informe, de ordinario sostiene las conclusiones de hecho de un Comisionado Especial, salvo que se demuestre prejuicio, parcialidad o error manifiesto. In re Gordon Menéndez I, 171 D.P.R. 210 (2007); In re Moreira Avillán, 147 D.P.R. 78, 86 (1998); In re Soto López, 135 D.P.R. 642 (1994); In re Morales Soto, 134 D.P.R. 1012 (1994).
Con estos preceptos en mente, atendemos la controversia ante nuestra consideración.
III
Previo a analizar con especificidad los cargos que se imputan al licenciado Vélez Báez, veamos algunas de las con *210 clusiones de hechos que surgen del informe que nos sometiera el Comisionado Especial y que completan el cuadro fáctico de este caso.
La señora Berrios Álvarez llegó a la oficina del licenciado Vélez Báez y le expresó que tenía un compañero que le había vendido un apartamento. Según la Escritura que examinó el licenciado Vélez Báez, la propiedad tenía una hipoteca por aproximadamente unos treinta y cuatro mil dólares que la señora Berrios Álvarez asumió en la compraventa. Al momento de suscribirse la Escritura, la señora Berrios Álvarez y su compañero, a insistencias de este último, acordaron hacer un pagaré al portador para alegadamente proteger la propiedad de ocurrirle algún accidente a ésta.
Surge de la Escritura de Compraventa y Constitución de Hipoteca, Núm. 32, de 6 de junio de 1997, que la señora Berrios Álvarez adquirió el apartamento en cuestión mediante una compra que realizara a Warehouse Incorporated, representada por su presidente Miguel Ángel Álvarez Pérez, por la cuarenta mil dólares, de los cuales la vendedora (Warehouse Incorporated) recibió nueve mil dólares. Los restantes treinta y un mil dólares quedaron aplazados en cuanto a su pago y garantizados mediante la constitución de una hipoteca sobre el apartamento. Lo anterior, representado por un pagaré al portador por la suma de treinta y un mil dólares e intereses al nueve punto setenta y cinco por ciento anual hasta su total pago, que vencería a su requerimiento.
Ajuicio del Comisionado Especial, el pagaré al portador al que se refiere la Escritura antes mencionada es el mismo pagaré objeto de la controversia ante nos. De igual manera, el Comisionado Especial señaló que de las determinaciones de hechos que hiciera el juez Cordero Vázquez en su Resolución original surgía que el pagaré se le había entregado al Sr. Miguel Ángel Álvarez Pérez, quien lo cedió *211 varios meses después a su hermana, la señora Álvarez Pérez.(2)
La necesidad de cancelar el gravamen (pagaré) para hacer una transacción con el apartamento fue lo que alegadamente motivó a la señora Berrios Álvarez a requerir los servicios del licenciado Vélez Báez. Según el recurso instado ante el tribunal y la interpretación que le dio dicho foro a la controversia traída a su consideración, la señora Berrios Álvarez siempre tuvo en su poder el pagaré hasta el momento en que se le extravió.
El Comisionado Especial estableció como hecho cierto que, antes de presentar la demanda, el licenciado Vélez Báez le preguntó a la señora Berrios Álvarez cuál había sido el trámite con el pagaré y si no tenía idea de quién lo tenía, a lo que esta contestó en la negativa. Sin embargo, posteriormente la señora Berrios Álvarez le informó a éste que había una persona que decía tener el pagaré. Trascendió luego que esa persona era la señora Álvarez Pérez.
Conforme a lo anterior, el Comisionado Especial concluyó que el licenciado Vélez Báez no incluyó a la señora Álvarez Pérez como demandada, aun cuando tenía conocimiento previo a la presentación de la acción de que ésta alegó en algún momento ser la tenedora, poseedora o portadora del pagaré. Incluso, éste le requirió el pago del mismo. Este hecho fue admitido por el propio licenciado Vélez Báez.
A su vez, surgen de la evidencia tres cartas cursadas entre las partes en las que se hace referencia al pagaré. En una primera carta dirigida a la señora Berrios Álvarez, suscrita el 2 de abril de 2001, la representación legal de la señora Álvarez Pérez le requirió el pago del pagaré y le apercibió que, de no realizar el pago, se verían obligados a *212 tramitar la reclamación por vía del tribunal. El 10 de agosto de 2001 la señora Berrios Alvarez le contestó dicha comunicación a la señora Alvarez Pérez, indicándole que desconocía la forma en que había llegado dicho pagaré a su poder y que no llevaría a cabo ninguna gestión sobre éste hasta tanto no le demostrase la razón por la cual lo tenía. Así las cosas, existe una tercera carta, de 18 de octubre de 2001, en la que el licenciado Vélez Báez le indicó a la señora Alvarez Pérez que su dienta (la señora Berrios Alvarez) le había solicitado en varias ocasiones el pagaré y que desconocía cómo éste había llegado a sus manos.
Luego de esta última misiva, el licenciado Vélez Báez trató de comunicarse con la señora Alvarez Pérez, pero las gestiones fueron infructuosas. Alegadamente, esto provocó que tanto él como la señora Berrios Alvarez concluyeran que la señora Alvarez Pérez no tenía el pagaré en su poder y que se presentara la demanda de pagaré extraviado sin incluir a esta última.
Ciertamente, luego de un análisis ponderado de la controversia de autos, es forzoso concluir que no procede la alegación que hiciera el licenciado Vélez Báez a los efectos de que no tenía la certeza absoluta de que la señora Alvarez Pérez alegaba poseer el pagaré en cuestión. Las cartas que le enviaran tanto la señora Berrios Alvarez como el licenciado Vélez Báez a la señora Alvarez Pérez, en la que le inquirían sobre el paradero del mencionado pagaré, son evidencia suficiente de que ambos sabían que, a lo mínimo, existía una posibilidad de que la señora Alvarez Pérez tuviera el pagaré en su poder. No hay duda que la señora Alvarez Pérez era parte indispensable en el pleito incoado y el no incluirla como parte demandada no sólo afectó sus derechos e intereses, sino que la obligó a presentar una solicitud de relevo de sentencia. Ello causó dilaciones innecesarias en la tramitación del caso. Más aún, es en esa omisión donde estriba la falsa representación de los hechos que le hiciera el licenciado Vélez Báez al tribunal. Dicho *213 proceder es altamente reprochable y contraviene la conducta que se espera de los abogados en el ejercicio de su profesión.
Como mencionáramos, es deber de los abogados actuar con diligencia y quien presenta una demanda sin tener toda la información necesaria para poder determinar si existe o no una causa de acción no cumple con dicha encomienda. De igual manera, si un abogado llega a la conclusión de que la demanda que ha instado no tiene mérito, luego de haberla presentado, lo correcto y ético es informarlo al cliente y renunciar formalmente a la representación legal. Cuando un abogado escoge ignorar el curso procesal de un caso, quebranta su deber de defender al cliente. Esta desidia indudablemente causa perjuicio a los derechos del cliente. Dicha actuación es ilícita y atenta contra los principios más básicos del Código de Ética Profesional. In re Flores Ayffán I, 170 D.P.R. 126 (2007).
Al igual que el Comisionado Especial, creemos que la prueba presentada demuestra una falta de diligencia y cuidado de parte del licenciado Vélez Báez para con su cliente y el tribunal. En el despliegue de dicha conducta, el licenciado Vélez Báez incurrió en violaciones a los Cánones 12 y 35 del Código de Ética Profesional, supra.
IV
Por los fundamentos antes expuestos, suspendemos al Ledo. Roberto Vélez Báez del ejercicio de la abogacía por el término de cuatro meses y se dicta sentencia en conformidad con lo aquí dispuesto.

Se le impone al abogado querellado el deber de notificar a todos sus clientes de su inhabilidad para continuar con su representación y devolverles los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados. Deberá también informar oportunamente de 
*214
su suspensión a los foros judiciales y administrativos del país. De igual forma, dichas gestiones deberán ser certificadas a esté Tribunal dentro de un término de treinta días a partir de la notificación de esta opinión “per curiam” y Sentencia.

 El Procurador General presentó los cargos siguientes:
“CARGO I
“En el desempeño de sus funciones, el Ledo. Roberto Vélez Báez incurrió en conducta en violación al Canon 12 de los de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 12, el cual dispone que es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución.
“CARGO II
“En el desempeño de sus funciones, el Ledo. Roberto Vélez Báez incurrió en conducta en violación al Canon 35 de los de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 35, el cual dispone, entre otras cosas, que la conducta de todo miembro de las profesión legal ante los tribunales, para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada. No es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni se debe inducir al juzgador a error utilizando artificios o una falsa relación de los hechos o el derecho. Además, dispone que todo abogado debe ajustarse a la sinceridad de los hechos al examinar a los testigos, al redactar afidávit u otros documentos, y al presentar causas.” Querella, pág. 1.

 De las mismas determinaciones de hechos que emitiera el juez Cordero Vázquez surge que el Sr. Miguel Angel Álvarez es hermano de la Sra. Jacqueline Álvarez Pérez y compañero de la Sra. Yiraida Berrios Álvarez.