EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Héctor O'Neill García<br><br>Recurrido | 2022 TSPR 26<br><br>208 DPR \_\_\_\_ |

Número del Caso: AC-2020-10


Fecha: 15 de marzo de 2022


Tribunal de Apelaciones:

    Panel IX


Panel sobre el Fiscal Especial Independiente:

    Lcdo. Miguel Colón Ortiz
    Fiscal Especial Independiente

    Lcda. Leticia Pabón Ortiz
    Fiscal Delegada


Abogado de la parte recurrida:

    Lcdo. Harry N. Padilla Martínez


 Materia: Resolución del Tribunal con Votos Particulares Disidentes.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

       v.                 AC-2020-0010

Héctor O'Neill García

    Recurrido

RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de marzo de 2022.

Es de conocimiento público que el Pueblo de Puerto Rico y el Sr. Héctor O'Neill García suscribieron una alegación preacordada. Por lo tanto, tomamos conocimiento judicial de ella. Regla 201 de Evidencia, 32 LPRA Ap. VI. Véase, también, Senado de PR v. ELA, 203 DPR 62, 67 (2019); U.P.R. v. Laborde Torres y otros I, 180 DPR 253, 276-279 (2010). El 18 de febrero de 2022, el Tribunal de Primera Instancia dictó sentencia acogiendo la alegación preacordada del señor O'Neill García por infracción de los siguientes delitos: Art. 3.1 de la Ley 54 de 1989, 8 LPRA sec. 631; Art. 3.5 (a) de la Ley 54 de 1989, 8 LPRA secs. 635(a), para que impute una infracción al Art. 3.1 de la Ley 54 de 1989, supra; Art. 4.2(b) de la Ley de Ética Gubernamental (2012), 3 LPRA sec. 1857a (b), para que impute una infracción al Art. 263 del Código Penal de 2012, 33 LPRA sec. 5354, en su modalidad menos grave (negligencia en el cumplimiento del deber), y el delito menos grave estatuido en el Art. 135 del Código Penal de 2012, supra, sec. 5196 (acoso sexual). Moción sobre alegación preacordada, pág. 2.

Ahora bien, no surge de la alegación preacordada

que el señor O'Neill García haya hecho alegación de culpabilidad por infracción al Art. 144 del Código Penal de 2004, 33 LPRA ant. sec. 4772 (actos lascivos), delito por el cual se le acusó y que es objeto de revisión por este Tribunal en el recurso de epígrafe. Por lo tanto, se ordena a las partes que, en el término de quince días, contado desde la notificación de esta Resolución, nos informen si tienen un compromiso o preacuerdo adicional en este caso.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. El Juez Asociado Señor Martínez Torres hace constar la expresión siguiente, a la que se unen la Jueza Asociada Señora Pabón Charneco y los Jueces Asociados Señor Kolthoff Caraballo, Señor Rivera García y Señor Feliberti Cintrón:

> Es un punto básico del Derecho que para que un Tribunal pueda atender una controversia esta debe cumplir con los principios de justiciabilidad. Este principio se enseña en el primer semestre de Derecho. Lamentablemente, algunos miembros de este Tribunal lo olvidan, por lo que me veo en la obligación de recordarlo.

> Hemos expresado que, antes de evaluar los méritos de un caso, los tribunales tenemos la obligación de cerciorarnos de que tenemos un caso y una controversia viva ante nos. Hernández Montañez v. Parés Alicea, 2022 TSPR 14, 208 DPR __, (2022); Ramos, Méndez v. García García, 203 DPR 379, 393-394 (2019); Torres Montalvo v. Gobernador ELA, 194 DPR 760, 766 (2016); Asoc. Fotoperiodistas v. Rivera Schatz, 180 DPR 920, 931 (2011); Moreno v. Pres. U.P.R. II, 178 DPR 969, 973 (2010); Lozada Tirado et al. v. Testigos Jehová, 177 DPR 893, 907-908 (2010).

> El compañero Juez Asociado señor Estrella Martínez expone que es un "giro inusual, [que] una mayoría de este Tribunal tom[e] la iniciativa de ordenar a las partes del pleito a que le informe sobre asuntos que no han sido materia de planteamiento, cuestionamiento o notificación alguna por cualesquiera de los involucrados en esta controversia". Véase expresión del Juez Asociado señor Estrella Martínez. Alega que el Tribunal "decidió adoptar un rol al extremo proactivo en la búsqueda de obstáculos jurisdiccionales, a pesar de una ausencia marcada de justificación para ello y en lo que es, a todas luces, un ejercicio que corresponde a las partes". Íd. Solo basta revisitar E.L.A. v. Aguayo, 80 DPR 552, 560-562 (1958), caso que se discute en primer año de Derecho, para

comprobar que el compañero Juez Asociado señor Estrella Martínez se equivoca.

Allí expresamos, citando al Tribunal Supremo de Nevada en <u>Haley v. Eureka County Bank et al.,</u> 26 Pac. 64, 65 (1891) que:

> Cuando se somete una causa ante un tribunal, el juez tiene el deber de proteger escrupulosamente sus procedimientos para que no sean utilizados colusoriamente por los litigantes, y no puede permitir que se dicte sentencia sin estar completamente seguro de que existe una causa de acción autorizada por la ley. Si se traen hechos ante el tribunal que produzcan cualquier sospecha de que existe colusión entre las partes, no importa el medio o la manera en que esos hechos se pongan en conocimiento del tribunal, es el deber del juez instituir inmediatamente una investigación para determinar la certeza o falsedad de los cargos. <u>E.L.A. v. Aguayo,</u> <u>supra</u>, pág. 559.

En esa línea destacamos que "[c]arece de importancia cómo un tribunal adquiere conocimiento sobre hechos indicativos de que un pleito es ficticio, colusorio o académico ni quién sea la persona que provea la información". <u>Íd</u>., pág. 560. "Puede hacerse formalmente por moción de uno de los litigantes o de un tercero… o por medios informales". <u>Íd</u>. (Citas omitidas). De igual forma, "el tribunal puede obtener la información necesaria de los autos…..o de admisiones de los abogados en los informes orales". <u>Íd</u>., pág. 561. (Citas omitidas). "También puede hacerse uso del conocimiento judicial…". <u>Íd</u>. (Citas omitidas). "Los hechos pueden darse a conocer al tribunal en cualquier momento antes de resolverse el recurso". <u>Íd</u>. (Citas omitidas). Por último, el tribunal "puede ordenarles [a las partes] que aporten prueba adicional sobre la cuestión [jurisdiccional]". <u>Íd</u>. pág. 562.

Hoy le solicitamos a las partes que nos informen si han llegado a un compromiso o preacuerdo en el litigio que nos ocupa. ¡Sencillo! No es "inusual" que el Tribunal ausculte su jurisdicción ante eventos indicativos de que la controversia ante su consideración pudo haber

perdido, de alguna forma, su condición adversativa. Como bien explica la Resolución del Tribunal, es de conocimiento público que el Sr. Héctor O'Neill García suscribió un acuerdo de culpabilidad con el Estado para ponerle fin a los trámites penales contra él. Ahora, "no surge de la alegación preacordada que el señor O'Neill García haya hecho alegación de culpabilidad por infracción del Art. 144 del Código Penal de 2004, 33 LPRA ant. sec. 4772, delito por el cual se le acusó y que es objeto de revisión por este Tribunal en el recurso de epígrafe". Véase, Resolución del Tribunal. Eso no quiere decir que no exista un acuerdo o preacuerdo y que no se haya notificado todavía. No es costumbre hacer alegaciones de culpabilidad con el propósito de ponerle fin a los trámites judiciales y omitir uno de los cargos. Para despejar esa duda y en el fiel cumplimiento de velar por nuestra jurisdicción, emitimos la Resolución que nos ocupa.

Con este proceder no se está adelantando criterio alguno sobre la controversia ante nos. Tampoco se está rogando a las partes, como alega el compañero Juez Asociado señor Colón Pérez en su Voto Particular Disidente. Mucho menos se están buscando "obstáculos jurisdiccionales". Por el contrario, estamos cumpliendo con nuestra obligación de asegurarnos de que resolvamos "controversias genuinas surgidas entre partes opuestas que tienen interés real en obtener un remedio que haya de afectar sus relaciones jurídicas". E.L.A. v. Aguayo, supra, pág. 558-559. Si luego de la comparecencia de las partes concluimos que nuestra jurisdicción para atender la controversia está intacta, procederemos conforme a derecho a resolverla. Si por el contrario se concluye que no existe una controversia genuina, de igual forma procederemos conforme a derecho y desestimaremos el recurso. Íd. pág. 562. No veo como alguien podría argumentar que es "inusual" auscultar nuestra propia jurisdicción. Lo que es "inusual" es tener conocimiento de eventos que podrían afectar nuestra jurisdicción y querer hacer caso omiso para resolver a como dé lugar. Eso sí sería "lamentable".

Por otro lado, el compañero Juez Asociado señor Estrella Martínez se equivoca al decir que "incluir el delito ante nuestra consideración en la alegación preacordada hubiese sido una afrenta a la jurisdicción de este Tribunal". Véase expresión del Juez Asociado señor Estrella Martínez. Nada en las Reglas de Procedimiento Criminal y casuística de este Tribunal le impide al Estado y al acusado

entablar conversaciones y llegar a un acuerdo de culpabilidad mientras el caso está pendiente de revisión apelativa. Lo importante es que se notifique y se cumpla con lo dispuesto en la Regla 72 de Procedimiento Criminal, 34 LPRA Ap. II. Los casos en la etapa apelativa también se transan.

En resumen, contrario a lo que alega el compañero Juez Asociado señor Estrella Martínez, sí existe justificación para auscultar nuestra jurisdicción y para ello no se tiene que esperar a que las partes o sus abogados nos informen por iniciativa propia. El Tribunal está facultado para ello, en cualquier momento, previo a disponer de la controversia.

Por último, ante las imputaciones de parcialidad que hace el Juez Asociado señor Colón Pérez en su Voto particular disidente me viene a la mente esta cita de Roscoe Pound:

> Escribir una opinión disidente conlleva una responsabilidad. … No hay cabida en las opiniones suscritas por jueces de un tribunal estatal de última instancia para la censura desmesurada, para la extrema vituperación, acusaciones de malsanas motivaciones a la opinión mayoritaria e insinuaciones de incompetencia, negligencia, prejuicio o insensibilidad por parte de los otros jueces del tribunal… Granados v. Rodríguez Estrada V, 127 DPR 1, 7 (1990), citando a R. Pound, Cacoethes Dissentiendi: The Heated Judicial Dissent, 39 A.B.A. J. 794, 795 (1953).

La Jueza Presidenta Oronoz Rodríguez emitió un Voto Particular Disidente. El Juez Asociado Señor Colón Pérez emitió un Voto Particular Disidente.

El Juez Asociado Señor Estrella Martínez disiente del curso de acción mayoritario por los fundamentos contenidos en las expresiones siguientes:

> Hoy, en un giro inusual, una mayoría de este Tribunal tomó la iniciativa de ordenar a las partes del pleito a que le informe sobre asuntos que no han sido materia de planteamiento, cuestionamiento o notificación alguna por cualesquiera de los involucrados en esta controversia. Es decir, este Tribunal decidió adoptar un rol al extremo proactivo en la búsqueda de obstáculos jurisdiccionales, a pesar de una ausencia marcada

de justificación para ello y en lo que es, a todas luces, un ejercicio que corresponde a las partes.

Adviértase, que la acción que hoy adopta este Tribunal resulta excepcional al contrastarla, precisamente, con otras instancias en las que el grado de consideración hoy ofrecido no ha sido igualmente conferido a la protección de derechos de otros acusados, especialmente aquellos despojados de representación legal. En contraste, hoy una Mayoría toma acciones adicionales que ni tan siquiera la distinguida representación legal del acusado ha considerado necesario adoptar, precisamente, porque incluir el delito ante nuestra consideración en la alegación preacordada hubiese sido una afrenta a la jurisdicción de este Tribunal. Esto, dado a que el Tribunal de Primera Instancia estaría impedido de impartirle su visto bueno por la etapa procesal apelativa en que se encuentra la controversia. Ante ese cuadro, resulta sorprendente que se interrumpa el cauce de nuestra revisión y, en lugar de proseguir con el trámite ordinario, se emita esta orden inhabitual.

Por entender que procedía continuar con el trámite ordinario en la disposición de este asunto, pues no existe razón alguna para interrumpirlo con el fin de investigar, *motu proprio*, la existencia de alguna posible barrera que no se ha manifestado, disiento.


Bettina Zeno González
Secretaria del Tribunal Supremo Interina

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

       v.                    AC-2020-0010

Héctor O'Neill García

    Recurrido

La Jueza Presidenta Oronoz Rodríguez emitió un Voto Particular Disidente.

En San Juan, Puerto Rico, a 15 de marzo de 2022.

El Sr. Héctor O'Neill García realizó una alegación preacordada con el Ministerio Público, por conducto de la Oficina del Fiscal Especial Independiente (FEI), respecto a varios cargos criminales que pesaban en su contra. El Tribunal de Primera Instancia acogió ese acuerdo y dictó sentencia. Al tomar conocimiento judicial de lo anterior constatamos que esa alegación de culpabilidad <u>no incluyó ni contempló un acuerdo respecto al delito de actos lascivos al amparo del Art. 144 del Código Penal de 2004, 33 LPRA ant. sec. 4772 que está ante nuestra consideración</u>. Ello tiene su razón de ser. Recordemos que, sobre ese particular **el señor O'Neill García tiene un dictamen a su favor**, ya que el Tribunal de Apelaciones dictó una Sentencia en

la que desestimó el cargo de actos lascivos tras entender que el delito estaba prescrito. Por lo anterior, resulta razonable que el señor O'Neill García no acordara una alegación de culpabilidad en cuanto a ese delito. Ahora bien, dada la decisión del foro intermedio, el Estado recurrió ante este Tribunal para que resolvamos si, en efecto, el delito de actos lascivos que pesa contra el señor O'Neill García prescribió a los 5 años o si, por el contrario, es imprescriptible de acuerdo con el Art. 100 del Código Penal de 2004, supra. Esta es una controversia de estricto derecho que tiene implicaciones reales entre las partes, a saber, si el Ministerio Público puede o no procesar criminalmente al señor O'Neill García por ese delito. Nótese que lo que se nos pide no es la revisión de un fallo final de culpabilidad o no culpabilidad. Lo que se nos solicita es evaluar si el delito se le puede imputar o no.

**Sin duda, tenemos elementos suficientes para entender que estamos ante un caso o controversia real y justiciable.** Uno de los elementos esenciales de una controversia real es que exista un interés opuesto o antagónico de las partes. Aquí, claramente estamos ante una controversia genuina y viva, en la cual están presentes intereses opuestos, y que al ser resuelta afectará las relaciones jurídicas de los litigantes. Véase, ELA v. Aguayo, 80 DPR 552, 584-585 (1958). Tanto de la comparecencia del FEI como de la del señor O'Neill García se desprende que las partes tienen posturas encontradas respecto al asunto de la prescripción. Por un

lado, el señor O'Neill García alega que el delito de actos lascivos está prescito y procede su desestimación. El FEI, por su parte, alega que procede el cargo ya que el delito de actos lascivos es imprescriptible cuando se comete por un funcionario público en el desempeño de su función pública.

Cabe destacar que esas posturas adversativas respecto a la prescripción no desaparecen con una alegación preacordada, puesto que el acuerdo entre las partes **no puede ser sobre la prescripción del delito.**[1] Esto último es un asunto de estricto derecho -que afecta la jurisdicción de tribunal- y requiere una determinación judicial. Si este tribunal determina que el delito prescribió, no se puede procesar el señor O'Neill García y culmina el proceso criminal. Si este foro determina que el delito es imprescriptible, el Ministerio Público tendría tres (3) opciones: (1) proseguir con el procesamiento del cargo de actos lascivos ante el tribunal de Primera Instancia; (2) llegar a un acuerdo con el señor O'Neill García mediante el cual éste se declare culpable por el delito de actos lascivos[2] o (3) desistir o retirar el cargo por el delito de actos lascivos.

Hasta hoy, <u>ninguna de las partes</u> ha informado a este Tribunal —a pesar de tener la obligación de así hacerlo *motu proprio*— sobre algún cambio de hecho que impida nuestra

---

[1] En este tipo de preacuerdos el imputado hace una alegación de culpabilidad a cambio de una transacción que le beneficia y que, de ser aceptada por el tribunal, pone fin al proceso criminal. Regla 72 de Procedimiento Criminal, 34 LPRA Ap. II. En otras palabras, no se trata de que las partes se pongan de acuerdo en cuanto a la resolución de una controversia de derecho como lo es la prescripción de un delito.
[2] Este acuerdo tendría que ser aceptado por el juez o jueza de instancia.

facultad adjudicativa ni ha desistido de sus argumentaciones legales.[3] Como ya destacamos, resulta improbable que el señor O'Neill García se vaya a declarar culpable por un delito que ha alegado firmemente que está prescrito; más aún cuando tiene una sentencia a su favor en cuanto a ello. Igualmente, sería preocupante que, ante la controversia de derecho sobre la prescripción, el Ministerio Público opte por renunciar a sus argumentos y desista de procesar al imputado por un delito tan serio. **Más aún, cuando no es posible reclasificar el delito de actos lascivos por un delito menor.**

Por ello, el proceder del día de hoy resulta tan inquietante. La Mayoría parecería intimar que el FEI es capaz de llegar a un acuerdo de desistimiento o archivo del delito de actos lascivos contra el señor O'Neill García a espaldas de este Tribunal y del Pueblo, mientras pretende, a la vez, mantener artificialmente viva ante este foro la controversia sobre la prescripción. Esto último, sabiendo de antemano que no seguirá con el procesamiento del imputado por el delito de actos lascivos, independientemente de lo que resolvamos sobre la prescripción. **Si ello se confirmara, me parece que —como poco— procedería la imposición de sanciones severas a los abogados de ambas partes por omitir información importante para este Foro.**

---

[3] El Ministerio Público no ha desistido del caso ante nos. Asimismo, no consta que el señor O'Neill García se haya declarado culpable por el cargo de actos lascivos ni que, habiéndose declarado culpable por los demás cargos, se archivaría el cargo pendiente. Nótese que la Regla 72 (1)(a) de Procedimiento Criminal, supra, permite que las partes acuerden el archivo de "otros cargos pendientes que pesen sobre [el imputado]". Sin embargo, del preacuerdo entre las partes que aceptó el tribunal en cuanto a los demás cargos no surge que el cargo de actos lascivos se archivaría.

Es norma establecida que los tribunales no participan de los procesos de negociación entre un fiscal y la persona imputada. Así lo dice claramente la Regla 72 de las Reglas de Procedimiento Criminal.[4]

Por lo tanto, discrepo de la acción que realiza hoy una Mayoría de este Tribunal porque entiendo que: 1) el caso ante nos no es consultivo ni académico; 2) no nos corresponde auscultar si existen conversaciones entre el señor O'Neill García y el Ministerio Público sobre una posible futura alegación de culpabilidad en cuanto al delito de actos lascivos; y, 3) ningún "compromiso" o "acuerdo" entre las partes puede resolver la única controversia de derecho que tenemos ante nos, a saber, si el delito de actos lascivos prescribe a los 5 años o no, si lo comete un funcionario público en el desempeño de la función pública.

Maite D. Oronoz Rodríguez
Jueza Presidenta

---

[4] La Regla 72 de las Reglas de Procedimiento Criminal, supra, dispone que "[e]n todos aquellos casos en que mediaren alegaciones preacordadas entre la defensa del imputado y el representante del Ministerio Público […] [e]l tribunal no participará en estas conversaciones."

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

        v.

Héctor O´Neill García

      Recurrido

AC-2020-0010

Voto Particular Disidente emitido por el Juez Asociado señor COLÓN PÉREZ.

En San Juan, Puerto Rico, a 15 de marzo de 2022.

La máxima que establece que el Derecho es rogado hoy adquiere una nueva dimensión. Este Tribunal les ruega a las partes del presente litigio -- uno de alto interés público -- que le brinden una razón en derecho, si ésta existiese, para no tener que disponer del mismo en sus méritos. Lo anterior, constituyendo la antítesis de los más nobles principios de adjudicación que históricamente han conducido los trabajos de este Foro.

Y es que hoy, -- mediante un tratamiento en extremo privilegiado a los actores del caso de marras --, esta Curia les solicita a las partes en la causa de epígrafe que, como condición para disponer del

presente caso, informen si existe algún compromiso o preacuerdo adicional referente al delito de actos lascivos por el cual fue acusado el Sr. Héctor O´Neill García, y que es objeto de revisión por este Tribunal. Ello, como mínimo, es lamentable.

Así las cosas, cabe preguntarse entonces si, en aras de brindar un tratamiento uniforme a todo aquel o aquella que toca las puertas de este Foro, es éste el comienzo de una nueva teoría adjudicativa donde -- previo a resolver en los méritos un recurso -- vamos a ordenarle a las partes que nos informen: 1) si los hechos particulares del caso han cambiado; 2) si las controversias que inicialmente motivaron su comparecencia ante nos son las mismas; 3) si consideran desistir del pleito; o 4) si han llegado a algún compromiso, preacuerdo o transacción, de modo que el dictamen que en su día emitamos -- como sugiere una mayoría de este Tribunal en la presente controversia -- no se torne académico por constituir una opinión consultiva. De contestarse esta última interrogante en la afirmativa, y en lo aquí pertinente, ¿también tendríamos que ordenarle al Tribunal de Primera Instancia que nos informe si, en su día, aceptará o no dicho compromiso, preacuerdo o transacción, para estar en posición de disponer del recurso ante nuestra consideración?

Como sabemos, "[l]a función de los tribunales no es actuar como asesores o consejeros, sino adjudicar controversias reales que legítimamente se presenten".

*P.P.D. v. P.N.P.*, 140 DPR 52, 54 (1996). Véase, también, *Noriega v. Hernández Colón*, 135 DPR 406, 441 (1994); *Com. de la Mujer v. Srio. de Justicia*, 109 DPR 715, 721 (1980). En esa dirección, hemos señalado que es deber de los abogados y las abogadas de las partes involucradas en un litigio tramitar y desplegar todas las diligencias necesarias para colocar al tribunal en posición tal, que éste pueda disponer de las controversias ante su consideración. Véase, Canon 12 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 12. Al respecto es menester recordar, que esta Curia ha sentenciado que la falta de notificación al tribunal sobre un acuerdo o transacción de una controversia pendiente de adjudicación constituye una violación al deber de un abogado o una abogada para con su cliente y el Tribunal. *In re Collazo Matos*, 143 DPR 651, 655-656 (1997). Véase, también, Canon 18 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 18.

Siendo ello así, no albergamos duda alguna que, de entenderlo correcto, los abogados y las abogadas que forman parte del presente litigio, -- todos muy respetados en la comunidad legal --, oportunamente hubiesen ilustrado a este Foro sobre la existencia de un acuerdo o compromiso respecto al delito en controversia. Ellos no lo hicieron. ¿Por qué solicitárselo nosotros y nosotras?

En escenarios como éste resultaba necesario que, una mayoría de este Tribunal, **convocados por los más nobles principios de prudencia judicial**, -- y evitando todo tipo

de tentaciones --, rechazara, como ya mencionamos, un tratamiento altamente privilegiado como condición para disponer del caso de autos. Éstos y ésta no lo hicieron. **Las explicaciones dadas para ello no nos convencen.**

Recordemos que, si bien debemos ser celosos guardianes de nuestra jurisdicción, de igual forma, estamos llamados a nunca abdicar a los postulados de imparcialidad que siempre deben estar presentes en nuestra labor judicial. Al final del día, a ello, estamos convocados todos y todas los que tenemos el privilegio de vestir una toga.

Es, pues, por lo antes expuesto, que enérgicamente disentimos del curso de acción seguido por una mayoría de los miembros de este Tribunal.


                                    Ángel Colón Pérez
                                     Juez Asociado